UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TANYA ROBERTS, on behalf of herself and
all other persons similarly situated,                                    **COMPLAINT**

                    Plaintiff,

   -against-

TOTAL HEALTHCARE STAFFING
OF L.I., INC. and KATHRYN FARRAND,
individually and in her official capacity,

                    Defendants.
---------------------------------------------------------------X

      Plaintiff Tanya Roberts ("Plaintiff"), on behalf of herself and all other similarly situated persons, by and through her counsel, Bell Law Group PLLC, as and for her Complaint in this action against Defendants Total Healthcare Staffing of L.I., Inc. ("Total Healthcare Staffing") and Kathryn Farrand ("Ms. Farrand") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

    1.    Plaintiff brings this action, on behalf of herself and on behalf of all other similarly situated persons, to recover for (1) unpaid overtime which Defendants failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the New York Labor Law ("NYLL"), §§ 650, *et seq.*; (2) failure to provide Plaintiff with accurate wage statements or paystubs as required by the NYLL, Section 195(1)-(3); and (3) unjust enrichment.

    2.    Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other similarly situated persons who were/are employed by Defendants as nursing assistants, home health care aides and/or other similar positions, who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of three (3) years

prior to the date of the filing of this complaint to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiff and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3. Members of the FLSA Collective are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

4. Plaintiff's claims under the NYLL and for unjust enrichment are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of herself and all other similarly situated persons who were/are employed by Defendants as nursing assistants, home health care aides and/or other similar positions, who (1) were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek; (2) were not provided accurate wage notices under NYLL § 195(1)-(2); (3) were not provided accurate wage statements under NYLL § 195(3); and (4) were damaged as a result of Defendants' unjust enrichment, for the period of six (6) years prior to the date of the filing of this complaint to the date of the final disposition of this action (the "New York Class Period"). Plaintiff and all other such similarly situated persons are jointly referred to herein as the "New York Class."

5. Members of the New York Class are similarly situated because they were all subject to Defendants' common policy and/or practice that resulted in (1) not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, (2) not providing accurate wage notices pursuant to NYLL § 195(1)-(2); and (3) not providing accurate wage statements pursuant to NYLL § 195(3).

6. Additionally, members of the New York Class were all employed by Defendants as nursing assistants, home health care aides and/or other similar positions.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because the action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because it is a judicial district in which at least one of the Defendants resides and a substantial part of the events or omissions giving rise to this action occurred in this district.

9. Plaintiff's claims are properly consolidated as a single action because her claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law.

## PARTIES

10. Plaintiff Tanya Roberts is a resident of the State of New York, residing at 10 Royal Court, Roosevelt, New York 11575.

11. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of all applicable statutes.

12. Upon information and belief, Defendant Total Healthcare Staffing of L.I., Inc. is a New York corporation with a principal place of business at 2527 Merrick Road, Bellmore, New York 11710.

13. At all relevant times, Total Healthcare Staffing was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less than $500,000.

14. Defendant Kathryn Farrand is the Owner and Chief Executive Officer of Total Healthcare Staffing. At all relevant times, Ms. Farrand controlled the operations and determined the policies and practices of Total Healthcare Staffing, including, but not limited to, how employees are/were compensated.

15. Defendant Kathryn Farrand was and remains an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

16. According to its website, Defendant Total Healthcare Staffing "has provided quality medical staff and personnel across the Tri-State area" since 1997.

17. Defendant Total Healthcare Staffing provides medical and support staffing for hospitals, nursing homes, individual residences and other locations.

18. Plaintiff worked for Defendants for approximately seven (7) years as a nursing assistant.

19. Plaintiff, the FLSA Collective and the New York Class all had similar job duties, which included dressing and undressing patients, bathing and cleaning patients, making food for patients, taking patients outside when necessary, helping patients stand, sit, roll over and/or get into or out of bed, help patients go to the bathroom and cleaning them up afterwards, giving patients medication, and other similar duties.

20. At all relevant times, Plaintiff, the FLSA Collective and the New York Class were denied breaks during their shifts.

21. Plaintiff regularly worked between 60 and 84 hours per workweek.

22. Plaintiff worked 12-hour shifts overnight, typically between 8 PM and 8 AM.

23. Starting in or around 2015, Plaintiff began working between five (5) and seven (7) days per week, with each day including at least a 12-hour shift.

24. At all relevant times, Plaintiff, the FLSA Collective and the New York Class were paid only straight wages for all hours worked.

25. During the FLSA Collective Period and the New York Class Period, Plaintiff, the FLSA Collective and the New York Class were never paid one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek.

26. Defendants failed to provide Plaintiff or the New York Class with an accurate statement or notice of their full wages, hours worked, regular rate of pay, overtime rate of pay, or other information required by NYLL § 195(1)-(3).

27. Defendants knew that the foregoing acts violated the FLSA and the NYLL and would economically injure Plaintiff, the FLSA Collective and the New York Class.

28. Defendants committed the foregoing acts knowingly, intentionally and willfully.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings her FLSA claims as a collective action pursuant to the FLSA on behalf of herself and on behalf of the FLSA Collective.

30. The basic job duties of the FLSA Collective are and were the same as or substantially similar to those of Plaintiff, and the FLSA Collective are and were paid in the same manner and under the same common policies, plans and practices as Plaintiff.

31. The FLSA Collective, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including a failure to pay overtime at a rate of one

and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

32. During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

33. As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 207.

34. Defendants' violations of the aforementioned statute were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

35. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their overtime, an additional equal amount in liquidated damages, attorneys' fees and costs incurred by Plaintiff and the FLSA Collective and pre- and post-judgment interest.

36. The exact number of members of the FLSA Collective is unknown to Plaintiff at the present time, but upon information and belief, Defendants are in possession of this information.

37. Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

38.     Plaintiff brings her NYLL claims and claims for unjust enrichment pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all other similarly situated persons who were/are employed by Defendants in the State of New York as nursing assistants, home health care aides and/or in other similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, who were not furnished with accurate wage notices, who were not furnished with accurate wage statements and who were harmed by Defendants' unjust enrichment.

39.     The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiff, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiff.

40.     The New York Class, like Plaintiff, all have been subject to the same unlawful policies, plans and practices of Defendants, including not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, not providing accurate wage notice and not providing accurate wage statements.

41.     During the New York Class Period, Defendants were fully aware of the duties performed by Plaintiff and the New York Class, and that those duties were not exempt from the overtime and other applicable provisions of the NYLL and/or its regulations.

42.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the New York Class and Plaintiff overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, not providing accurate wage notices and not providing accurate wage statements.

43. Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the New York Class.

44. As a result of Defendants' conduct, Defendants are liable to Plaintiff and the New York Class for the full amount of their overtime wages and statutory damages for improper wage notices and wage statements, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the New York Class.

45. Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on her individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the New York Class and Defendants.

46. Plaintiff's claims raise questions of law and fact common to the New York Class, including, but limited to:

   a. Whether Defendants failed to pay Plaintiff and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

   b. Whether Defendants failed to provide Plaintiff and the New York Class with accurate wage notices;

   c. Whether Defendants failed to provide Plaintiff and the New York Class with accurate wage statements;

    d. Whether Defendants' failure to pay overtime to Plaintiff and the New York Class constitutes a violation of NYLL § 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

    e. Whether Defendants' failure to provide Plaintiff and the New York Class accurate wage notices constitutes a violation of NYLL §§ 195 *et seq.*;

    f. Whether Defendants' failure to provide Plaintiff and the New York Class accurate wage statements constitutes a violation of NYLL §§ 195 *et seq.*;

    g. Whether Defendants were unjustly enriched by the services provided by Plaintiff and the New York Class; and

    h. Whether Defendants' violations of the NYLL and/or its regulations were willful.

47. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

48. Plaintiff is a member of the New York Class that she seeks to represent. Plaintiff's claims are typical of the claims of the New York Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

49. Plaintiff's interests are co-extensive with those of the New York Class that she seeks to represent in this case. Plaintiff is willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiff and her counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

50. Defendants have acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

51. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

52. The common issues of fact and law affecting Plaintiff's claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

53. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the New York Class.  There will be no difficulty in the management of this action as a class action.

54. The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the New York Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

55. The New York Class is so numerous that joinder of all members is impracticable. While the exact number of members of the New York Class is unknown to Plaintiff at the present time, upon information and belief, there are at least 40 other similarly situated persons who were/are employed by Defendants as nursing assistants, home health care aides and/or in other similar positions during the New York Class Period.

56. Plaintiff is currently unaware of the identities of the New York Class members. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in similar positions during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiff can give the New York Class notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

### FIRST CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of 29 U.S.C. § 207)**
**As to Plaintiff and the FLSA Collective**

57. Plaintiff, on behalf of herself and the FLSA Collective, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

58. The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime under the FLSA.

59. During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective worked more than forty (40) hours per workweek for Defendants. However,

Defendants intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

60. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the FLSA.

61. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

62. Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
**(Failure to Pay Overtime in Violation of NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2)**

63. Plaintiff, on behalf of herself and the New York Class, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

64. NYLL §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 require covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek in the manner and methods provided in the FLSA.

65. Plaintiff and the New York Class were not exempt from the requirement that Defendants pay them overtime under the NYLL and/or its regulations.

66. During the New York Class Period, Defendants knew that Plaintiff and the New York Class worked more than forty (40) hours per workweek for Defendants. However,

Defendants intentionally did not properly pay them overtime for hours worked in excess of forty (40) per workweek.

67. As a result of Defendants' failure to pay Plaintiff and the New York Class overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek, Defendants violated the NYLL and its regulations.

68. The foregoing conduct of Defendants constitutes willful violations of the NYLL and its regulations.

69. Defendants' violations of the NYLL have significantly damaged Plaintiff and the New York Class and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, attorneys' fees and costs and pre- and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(1)-(2))**

70. Plaintiff, on behalf of herself and the New York Class, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

71. NYLL § 195(1)-(2) requires covered employers, such as Defendants, to furnish accurate wage notices upon hiring and prior to any changes to the rate of pay for an employee.

72. Plaintiff and the New York Class were not exempt from this requirement.

73. Defendants failed to furnish accurate wage notices to Plaintiff and the New York Class in violation of NYLL § 195(1)-(2) by, *inter alia*, failing to provide Plaintiff and the New York Class notices of their wages and/or changes thereto upon hire and/or upon any changes to their wages.

74. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

75. Defendants' violations of the NYLL have significantly damaged Plaintiff and the New York Class and entitle them to recover damages of fifty (50) dollars per person affected for each work day that such violations occurred and continue to occur, up to a total of $5,000 per person affected, together with attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (Failure to Provide Accurate Wage Notices in Violation of NYLL § 195(3))

76. Plaintiff, on behalf of herself and the New York Class, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

77. NYLL § 195(3) requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

78. Plaintiff and the New York Class were not exempt from this requirement.

79. Defendants failed to furnish accurate wage statements to Plaintiff and the New York Class in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff and the New York Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

80. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

81. Defendants' violations of the NYLL have significantly damaged Plaintiff and the New York Class and entitle them to recover damages of $250 for each day that such violations occurred or continue to occur, up to a total of $5,000 per person affected, an additional

equal amount in liquidated damages, attorneys' fees and costs, and pre- and post-judgment interest.

### FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

82. Plaintiff, on behalf of herself and the New York Class, hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

83. As a result of the unlawful conduct described above, Defendants have been and will continue to be unjustly enriched by receiving the value and benefit of work from Plaintiff and the New York Class without paying them proper wages.

84. Defendants have benefitted from their unlawful acts at the expense of Plaintiff and the New York Class and it would be inequitable for Defendants to be permitted to retain any of the ill-gotten gains.

85. Plaintiff and the New York Class are entitled to the amount of Defendants' ill-gotten gains resulting from its unlawful, unjust, and inequitable conduct in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, the FLSA Collective and the New York Class, respectfully request that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.      Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in similar positions to Plaintiff during the New York Class Period and the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.      Designate Plaintiff as representative of the FLSA Collective;

D.      Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in favor of Plaintiff and the FLSA Collective, an additional equal amount in liquidated damages, attorneys' fees and costs and such pre- and post-judgment interest as may be allowed by law;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all persons who were/are employed by Defendants in similar positions to Plaintiff during the New York Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiff as representative of the New York Class, and her counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiff and the New York Class as a result of Defendants' violations of the NYLL, and award those damages against Defendants and in favor of Plaintiff and the New York Class, an additional equal amount in liquidated damages,

attorneys' fees and costs and pre- and post-judgment interest at the statutory rate of 9% per annum;

       H.       Enjoin Defendants from engaging in any acts of illegal retaliation; and

       I.       Grant Plaintiff, the FLSA Collective and the New York Class such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of herself, the FLSA Collective and the New York Class, hereby demands a trial by jury on all issues of fact and damages.

Dated: July 2, 2018
       Garden City, New York

                        Respectfully submitted,

                        BELL LAW GROUP, PLLC

                        By: _____/s/_____
                            Brian A. Bodansky, Esq.
                            100 Quentin Roosevelt Boulevard
                            Suite 208
                            Garden City, NY 11530
                            Tel: 516.280.3008
                            Fax: 212.656.1845
                            bb@belllg.com
                            *Attorneys for Plaintiffs*